IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00565-BNB

TONY GURULE,

    Plaintiff,

v.

GREG JOHANSEN,
NEW GENISIS SHELTER,
COLORADO DIVISION OF PAROLE AND COMMUNITY CORRECTIONS,
JEANENE MILLER,
SUSAN J. WHITE,
STEVE CRIGLER,
CONNIE VAUGHN,
CITIY [sic] AND COUNTY OF DENVER,
MAYOR JOHN HICKENLOPER [sic],
DENVER CITY AND COUNTY JAIL,
UNDER SHERIFF LOVINGER,
MAJOR WILSON,
CHIEF FOOS,
CAPTAIN BLAIR,
DEPUTY BRAUMFAULK,
DEPUTY R. LINE,
CITY JAIL DEPUTY TRJUILLO,
LAW LIBRARY DEPUTY LOPEZ,
DR. CRUM,
DR. HIRSH,
DR. O'BRIEN AND COMPLETE MEDICAL STAFF JOHN DOE & JANE DOE 1-100,
COLORADO STATE DEPARTMENT OF DISTRICT ATTORNEYS OFFICE,
MITCH MORRISEY,
VICTORIA SHARP,
JOHN DOE & JANE DOE 1-50,
GOVERNOR BILL OWENS,
COLORADO BOARD OF PAROLE ALLEN F. STANELEY,
CURTIS W. DEVIN,
DEBORAH C. ALLEN,
MATHEW J. RHODES,
JOHN B. ROSEN,
VERNC R. SAINT-VINCENT,
LESLIE V. WAGGENER,
ALL STATE AND CITY AND COUNTY SHERIFF [sic] DEPARTMENT OFFICERS AND
    STAFF INVOLVED IN THIS ACTION IN THEIR INDIVIDUAL AND OFFICIAL
    CAPACITIES THAT ARE NOT CURRENTLY KNOWN BY NAMES BUT WILL
    BE DETAILED AT A LATER DATE,

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 28 2006

GREGORY C. LANGHAM
CLERK

MR. BURRIS,
COLORADO DIVISION OF PAROLE and COMMUNITY CORRECTIONS, (Central Metro Sherman Office),
COLORADO STATE BOARD OF PAROLE,
NURSE DORA, and Complete Medical Staff,
JOHN DOE AND JANE DOE 1-100,
D/S GALLO, and
DEPUTY MARIN, Mailroom,

    Defendants.

---

### ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Tony D. Gurule is incarcerated at the Denver County Jail. He initiated the instant civil rights complaint *pro se* pursuant to 42 U.S.C. § 1983 (2003), and 28 U.S.C. § 1343(a)(3) (1993), as well as pursuant to the Americans With Disabilities Act (ADA). Mr. Gurule fails to make clear what, if any, claims he asserts pursuant to the ADA. He asks for money damages and for habeas corpus relief, i.e., for his escape conviction to be vacated, for his release from imprisonment, and for his immediate placement in a community corrections facility.

The Court must construe the complaint liberally because Mr. Gurule is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Gurule will be ordered to file an amended complaint pursuant to 42 U.S.C. § 1983. He also will be directed to assert his claims seeking habeas corpus relief in separate habeas corpus actions pursuant to 28 U.S.C. § 2241 (1994) and pursuant to 28 U.S.C. § 2254 (1994 & Supp. 2005), if he wishes to pursue those claims.

2

Mr. Gurule attacks the conditions of his confinement at the Denver County Jail. Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). However, Mr. Gurule also challenges his conviction on charges of escape and seeks his release to a community corrections facility. In addition, he challenges the revocation of his parole. To the extent he asserts claims challenges the legality of his custody, he must do so in a habeas corpus application pursuant to 28 U.S.C. § 2254. To the extent he is challenging the execution of his sentence, rather than the validity of a conviction and/or sentence, he must do so in a habeas corpus application pursuant to 28 U.S.C. § 2241. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

Mr. Gurule will be directed to file an amended complaint pursuant to 42 U.S.C. § 1983 that asserts the claims challenging the conditions of confinement. He also will be directed to allege clearly what, if any, constitutional rights he believes were violated. Merely making vague and conclusory allegations that his or her rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the Court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. In the amended complaint he will be ordered to submit, Mr. Gurule must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights.

In addition, Mr. Gurule must assert clearly each Defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Gurule is advised that he must provide sufficient copies of the amended complaint to serve each named Defendant. The Court will not make the copies necessary for service. Therefore, Mr. Gurule should review his claims carefully to ensure that each named Defendant personally participated in the asserted constitutional violations.

Mr. Gurule also will be directed to assert his claims seeking habeas corpus relief in separate habeas corpus actions pursuant to 28 U.S.C. §§ 2241 or 2254, if he wishes to pursue those claims. Mr. Gurule is reminded that he is required to exhaust state remedies regarding his habeas corpus claims before seeking federal intervention. **See Montez**, 208 F.3d at 866. Accordingly, it is

ORDERED that Mr. Gurule file an amended complaint **within thirty (30) days from the date of this order** that complies with the particulars of this order. It is

4

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint" and shall be filed **within thirty (30) days from the date of this order** with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that if Mr. Gurule fails to file an amended complaint to the Court's satisfaction **within thirty (30) days from the date of this order**, the complaint shall be denied and the action shall be dismissed without further notice.

DATED April 28, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00565-BNB

Tony Gurule
Prisoner No. 232914
Denver County Jail
P.O. Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/28/06

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk