IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00565-BNB

TONY GURULE,

    Plaintiff,

v.

GREG JOHANSEN,
NEW GENISIS SHELTER,
COLORADO DIVISION OF PAROLE AND COMMUNITY CORRECTIONS,
JEANENE MILLER,
SUSAN J. WHITE,
STEVE CRIGLER,
CONNIE VAUGHN,
CITIY [sic] AND COUNTY OF DENVER,
MAYOR JOHN HICKENLOPER [sic],
DENVER CITY AND COUNTY JAIL,
UNDER SHERIFF LOVINGER,
MAJOR WILSON,
CHIEF FOOS,
CAPTAIN BLAIR,
DEPUTY BRAUMFAULK,
DEPUTY R. LINE,
CITY JAIL DEPUTY TRJUILLO,
LAW LIBRARY DEPUTY LOPEZ,
DR. CRUM,
DR. HIRSH,
DR. O'BRIEN AND COMPLETE MEDICAL STAFF JOHN DOE & JANE DOE 1-100,
COLORADO STATE DEPARTMENT OF DISTRICT ATTORNEYS OFFICE,
MITCH MORRISEY,
VICTORIA SHARP,
JOHN DOE & JANE DOE 1-50,
GOVERNOR BILL OWENS,
COLORADO BOARD OF PAROLE ALLEN F. STANELEY,
CURTIS W. DEVIN,
DEBORAH C. ALLEN,
MATHEW J. RHODES,
JOHN B. ROSEN,
VERNC R. SAINT-VINCENT,
LESLIE V. WAGGENER,
ALL STATE AND CITY AND COUNTY SHERIFF [sic] DEPARTMENT OFFICERS AND
    STAFF INVOLVED IN THIS ACTION IN THEIR INDIVIDUAL AND OFFICIAL

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 28 2006

GREGORY C. LANGHAM
CLERK

CAPACITIES THAT ARE NOT CURRENTLY KNOWN BY NAMES BUT WILL BE DETAILED AT A LATER DATE,
MR. BURRIS,
COLORADO DIVISION OF PAROLE and COMMUNITY CORRECTIONS, (Central Metro Sherman Office),
COLORADO STATE BOARD OF PAROLE,
NURSE DORA, and Complete Medical Staff,
JOHN DOE AND JANE DOE 1-100,
D/S GALLO, and
DEPUTY MARIN, Mailroom,

Defendants.

---

ORDER ALLOWING PLAINTIFF TO PROCEED
WITHOUT PAYMENT OF INITIAL PARTIAL FILING FEE

---

On April 20, 2006, the court granted Plaintiff Tony Gurule leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(b)(1), the court ordered Mr. Gurule either to pay an initial partial filing fee of $1.00 or to show cause why he has no assets and no means by which to pay the designated initial partial filing fee. On April 26, 2006, Mr. Gurule submitted a certified copy of his inmate trust fund account statement showing that the available balance in his account as of April 26, 2006, is zero. The financial affidavit previously filed by Mr. Gurule reveals no other assets.

Title 28 U.S.C. § 1915 requires a prisoner bringing a civil action "to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). If a prisoner is unable to afford the full amount of the filing fee when the action is filed, the statute provides for payment of the filing fee through an initial partial filing fee and monthly installments of the balance until the full filing fee is paid. However, "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the

2

prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

Because he has demonstrated that he has no assets and no means by which to pay the initial partial filing fee, Mr. Gurule will be allowed to proceed in this action without payment of the initial partial filing fee designated in the court's April 26, 2006, order. The court will proceed to review the complaint pursuant to 28 U.S.C. § 1915 (e)(2)(B). However, although he may proceed without payment of an initial partial filing fee, Mr. Gurule remains obligated to pay the full $250.00 filing fee through monthly installments as directed in the court's April 26 order and reiterated below. Accordingly, it is

ORDERED that Mr. Gurule may proceed in this action without payment of the initial partial filing fee designated in the court's April 16, 2006, order because he has shown cause why he has no assets and no means by which to pay an initial partial filing fee. Mr. Gurule remains obligated to pay the full amount of the required $250.00 filing fee pursuant to 28 U.S.C. § 1915(b)(1). It is

FURTHER ORDERED that until the $250.00 filing fee is paid in full, Mr. Gurule shall make monthly payments to the court of twenty (20) percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment. Mr. Gurule is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order. In order to show cause, Mr. Gurule must file a current certified copy of his trust fund account statement. It is

FURTHER ORDERED that if Mr. Gurule fails to have the appropriate payment

sent to the clerk of the court each month or to show cause each month as directed above why he has no assets and no means by which to make the monthly payment, the complaint may be dismissed without prejudice and without further notice. It is

**FURTHER ORDERED that the court may dismiss this action and may apply all or part of the filing fee payments tendered in this action to satisfy any filing fee debt the plaintiff may owe in a prior action or actions if the plaintiff fails to stay current with his payment obligations in the prior action or actions.**

DATED April 28, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00565-BNB

Tony Gurule
Prisoner No. 232914
Denver County Jail
P.O. Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/28/06

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk